WR-83,110-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/13/2015 7:26:16 AM
Accepted 4/13/2015 8:16:08 AM
ABEL ACOSTA
CLERK

No. WR-83,110-01

## Ex parte Fritz Allen Furtick

In the Court of Criminal Appeals of Texas at Austin

RECEIVED
COURT OF CRIMINAL APPEALS
4/13/2015
ABEL ACOSTA, CLERK

*Habeas Corpus* Proceeding under Article 11.07, *et seq.*, C.Cr.P., in Case Number 02-CR-3060-B, from the 117th District Court of Nueces County

---

## Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues

---

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Fritz Allen Furtick, Applicant in the above styled and numbered cause, by and through John G. Jasuta and David A. Schulman, his undersigned attorneys, and respectfully files this "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues," and would show the Court as follows:

I

On April 6, 2015, the convicting ("*habeas*") court entered its findings of fact and conclusions of law, which were subsequently forwarded to this Court by the District Clerk of Nueces County and

received by the Clerk of this Court on April 9, 2015. Applicant would show the Court that the findings and conclusions at issue are not supported by the *habeas* record and fail to properly apply the law relating tothe allegations made and the evidence proffered.

## II

On April 13, 2015, Applicant filed his objections to the *habeas* court's Findings of Fact and Conclusions of Law in that court. A true and correct copy of Applicant's objections is attached as Exhibit "A" to this document.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, Applicant, Fritz Allen Futrick, respectfully prays that this Honorable Court will stay the proceedings for a reasonable period of time, not to exceed sixty (60) days, to enable the *habeas* court to rule on the objections filed with it.

Respectfully submitted,

**John G. Jasuta**
Attorney at Law
Post Office Box 783
Austin, Texas 78767-0783
eMail: lawyer1@johngjasuta.com
Tel. 512-474-4747
Fax: 512-532-6282

State Bar No. 10592300

**David A. Schulman**
Attorney at Law
Office Box 783
Austin, Texas 78767-0783
zdrdavida@davidschulman.com
Tel. 512-474-4747
Fax: 512-532-6282

State Bar Card No. 17833400

Attorneys for Applicant

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X6 software, contains 325 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on April 13, 2015, a true and correct copy of the above and foregoing "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues" was transmitted via electronic mail (*eMail*) to James Odell (james.odell@nuecesco.com), Attorney of record for the State of Texas.

**John G. Jasuta**

3

# Exhibit "A"

No. 02-CR-3060-B



COPY

# Ex parte Fritz Allen Furtick

In the 117th District Court
Nueces County, Texas

## Applicant's Objections to the *Habeas* Court's Findings, Conclusions and Recommendations

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Fritz Allen Furtick, Applicant in the above styled and numbered cause, by and through and respectfully files these objections to the to *Habeas* Court's findings, conclusions and recommendations, and would respectfully show the Court as follows:

I

Applicant's *habeas corpus* application was forwarded to the District Clerk for filing and provided to counsel for the State of Texas on March 4, 2015. The State filed its answer on March 26, 2015, and provided a copy to the undersigned on April 1, 2015. On April 6, 2015, the *habeas* court signed its "Findings of Fact, Conclusions of Law, & Recommendation."

## Applicant's General Objection

The *habeas* court's findings are perfunctory and do not discuss in any depth, either the allegations, the State's answer or the evidence proffered. Applicant has stated facts, which if true, would entitle him to relief.

# **Applicant's Specific Objections**

## I

The first finding, that there is sufficient evidence in the record to rule is plainly unsupported by the record and fails to take into account new evidence as well as more recent law regarding the subject.

## II

The second finding, that the assertions within the State's Answer are correct, fails to differentiate between the facts stated in that Answer. Is the *habeas* court relying on assertions of fact supported by affidavit of assistant district attorney who swore that memories were affected without speaking to anyone whose memories might have been so affected? The deficiencies of the State's Answer have not been considered by the *habeas* court.

## III

In the third finding, the *habeas* court finds that Applicant raised his claim of ineffective assistance of counsel to the Court of Appeals on direct appeal and that it cannot, therefore, be re-litigated. The Finding is incorrect, however, as Applicant has raised a distinct allegation of ineffective assistance of counsel which was not raised on direct appeal and, therefore, was not addressed on direct appeal. Additionally, the claim could not have been raised on direct appeal. A review of the Court of Appeals' opinion on direct appeal will demonstrate the State's Answer, and the Finding based on it, to be incorrect.

On direct appeal, appellate counsel misstated trial counsel's actions. It was represented to the Court of Appeals that trial counsel had failed to request the assistance of an expert witness, and that failure was identified as the failure constituting ineffective assistance of counsel. However, as the record also reflects, and as shown in the instant application, trial counsel did, in fact, request the appointment of an expert. What she did not do, and what is alleged in the instant application as deficient conduct, and that which has gone unanswered by the State, and unaddressed by the *habeas* court in this incomplete finding, was to seek additional funding, after it became clear to her that the expert she wanted to hire could not be retained for the sums authorized by the trial court.

The supporting affidavit filed with the application for writ of *habeas corpus* in this cause absolutely does contain additional information. The affidavit establishes that trial counsel did not request additional funding, either on the record or off, and that it was not a strategic decision to forego the use of an expert witness but, rather, one of economics. As such, the present affidavit both presents a new and previously unavailable claim, and admits to ineffective assistance of counsel.

## IV

Additionally, as demonstrated within the Memorandum of Law filed simultaneously with this application, the failure identified as deficient conduct has, since the appeal in this case, been recognized as deficient

conduct by the United States Supreme Court in ***Hinton v. Alabama***, 13-6440 (February 24, 2014). The *habeas* court has completely failed to address the Supreme Court's ruling in ***Hinton***, upon which the application is, in large part, based, in all likelihood, on the State's failure to address the effect of ***Hinton*** in its Answer.

V

In its fourth Finding, the *habeas* court finds that the Applicant has not shown that an expert was available and that he would have benefitted from his or her evidence. Applicant would refer the Court, however, to the affidavit filed by trial counsel in support of the application, in which it is stated that the expert would have assisted in showing that her client was not a sexual predator. Applicant pled not guilty and protested his innocence. While a positive psychological evaluation would not have altered the outcome on guilt or innocence, its relevancy as evidence in mitigation of punishment cannot be denied.

If the *habeas* court is finding that the Applicant did not bring the actual expert forward, the Court has, by its finding, identified a factual and material issue in need of resolution. That factual issue is whether trial counsel's assertion that the expert witness she consulted, and who she believed she could not afford, would have provided evidence which would have altered the outcome of the trial. The *habeas* court, instead of resolving that factual issue, relied solely on the State's Answer without discussion of

4

the evidence which demonstrated both witness availability and the positive benefit which would have been derived from the use of that evidence. Trial counsel swore that the expert witness would have changed the outcome of the trial, yet this assertion is dismissed without discussion. Applicant would submit that his burden has been met and that the Finding by the *habeas* court is erroneous.

VI

Lastly, the *habeas* court finds laches. However, there is absolutely no support for the finding either in the facts or in the law.

While the implication of the State's answer, and the *habeas* court's finding, is that the State is, somehow, in a less favorable position, there was no evidence to support such a finding other than platitudes concerning "diminished memories of trial participants." Totally missing was anything of an evidentiary nature supporting the claims made in the State's answer.[1]

Given that all relevant testimony regarding guilt or innocence was given, and preserved, this hardly seems an impediment to either a coherent State's answer to the *habeas* petition or the ability to retry Applicant, should that prove necessary. While the *habeas* court fails to discuss its findings in any detail, the State discusses and dismisses the amount of evidence it must show to support a laches claim. The Court, however,

---

[1] Counsel for the State did verify the State's answer in front a notary, but his assertions that "the trial participants' memories would be diminished," is clearly not something within his personal knowledge.

5

should recognize that the State has shown no evidence supporting this Finding whatsoever.

The State's ability to litigate a new punishment hearing has not been in any way prejudiced by any delay in presenting the application, because the State can introduce all of the testimony from the previous trial, plus any additional evidence relevant to punishment, regardless of any loss of memory as to the actual events.

## VII

The State's answer cannot be relied upon because it is unsupported by proper evidence. If the State's attorney had spoken to witnesses and had determined some loss of memory on the witness' part, despite the irrelevance of that loss of memory to any issue, it is incumbent on the State to show the witness' present statement. It is also necessary for the State to explain how the loss of even all memory on the part of the Complainant would, in any manner, handicap the State's efforts at either its answer or re-trial. In this requirement, both the State, and the laches Finding based thereon, have wholly failed.

The State's representative swears that, "In this case" . . . "[t]he State would be burdened in its ability to retry the case," and "the trial participants' memories would be diminished." Applicant would show the Court that the State's attorney presented no evidence upon which reliance is had to show that any memories would be diminished or that the State

6

would, in any manner, be prejudiced by any delay, much less the delay of which it complains. Since this is not the type of fact of which the affiant would have personal knowledge, and in the absence of any evidence showing loss of memory or any type of prejudice, Applicant would assert that the State's Answer, particularly with regard to any argument or fact regarding laches, unsupported as it is by credible oath, law or evidence, must be disregarded and stricken. Instead, however, and in apparent reliance on the State's unsupported representation, the *habeas* court finds laches should bar consideration. In this regard, the *habeas* court's Finding is entirely erroneous as being without support either in fact or law.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, Applicant, Fritz Allen Futrick, respectfully prays that the *habeas* court will withdraw its findings of fact as (1) being unsupported by the evidence, (2) incomplete in their failure to specifically address the contentions raised, (3) incomplete in their failure to address recent constitutional precedent from the United States Supreme Court, and (4)based on mischaracterization of the evidence proffered by Applicant, and instead find that Applicant has demonstrated that Applicant was denied the effective assistance of counsel as set out within the application.

7

Respectfully submitted,

| | |
|---|---|
| **John G. Jasuta** | **David A. Schulman** |
| Attorney at Law | Attorney at Law |
| Post Office Box 783 | Office Box 783 |
| Austin, Texas 78767-0783 | Austin, Texas 78767-0783 |
| eMail: lawyer1@johngjasuta.com | zdrdavida@davidschulman.com |
| Tel. 512-474-4747 | Tel. 512-474-4747 |
| Fax: 512-532-6282 | Fax: 512-532-6282 |
| | |
| State Bar No. 10592300 | State Bar Card No. 17833400 |

Attorneys for Applicant

# Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X6 software, contains 1,905 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on April 13, 2015, a true and correct copy of the above and foregoing "Applicant's Objections to the *Habeas* Court's Findings, Conclusions and Recommendations" was transmitted via electronic mail (*eMail*) to James Odell (james.odell@nuecesco.com), Attorney of record for the State of Texas.

John G. Jasuta